THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **ANGELA HAMLETT**<br>737 Upsal Street, SE<br>Washington, D.C. 20032<br><br>        Plaintiff<br>v.<br><br>**WASHINGTON METROPOLITAN**<br>**AREA TRANSPORTATION**<br>**AUTHORITY**<br>300 7th Street, SW, 10th Floor<br>Washington, D.C. 20024<br><br>        Defendant. | Civil Action No. 2026-CAB-000596 |

# COMPLAINT

Comes now, Plaintiff Angela Hamlett, by and through the undersigned counsel, makes this Complaint against Defendant Washington Metropolitan Area Transit Authority (hereinafter referred to as "Defendant WMATA") and states as follows:

1. Plaintiff is an individual residing at 737 Upsal Street, SE, Washington, D.C. 20032.

2. Defendant WMATA is a business entity whose principal place of business is located at 300 7th Street, SW, 10th Floor, Washington, D.C. 20024.

3. This Court has subject matter jurisdiction over this action pursuant to section 11-921 of the D.C. Code in that the matters alleged herein occurred in the District of Columbia.

4. This court has personal jurisdiction over the Defendant pursuant to 13-422 of the District of Columbia Code.

## Statement of Facts

5. On or about March 9, 2023, Plaintiff was a passenger on Defendant WMATA's bus as she entered the bus at a curbside bus stop at or near the intersection of Southern Avenue and Bonini Road, SE, within the District of Columbia.

6. At approximately 12:50 p.m., Plaintiff entered the bus and proceeded to pay her bus fare.

7. As Plaintiff was paying her bus fare, the bus driver pulled away from the bus stop and then suddenly stopped hard.

8. Plaintiff was not given an opportunity to sit and or secure herself before the bus driver pulled away from the bus stop and then applied the brakes hard causing Plaintiff to fall and injure herself.

9. As a result of Defendant's failure to allow Plaintiff to sit and or secure herself, Plaintiff fell caused her to suffer personal injuries, incur medical expenses and pain and suffering.

10. At all material times, Plaintiff was a passenger on Defendant WMATA, by and through its employee, owed plaintiff the duty of care as a common carrier.

11. At all material times, Defendant WMATA owed Plaintiff a duty to act reasonably and without negligence. Defendant failed to act reasonably under the circumstances, by failing to give Plaintiff time to sit and or secure herself before leaving the bus stop, failing to keep a lookout for traffic, failing to keep an adequate distance from other vehicles on the

road, and failure to provide bus services to the public in a reasonable manner, thereby subjecting Plaintiff to an unreasonable risk of harm, and failing to provide for Plaintiff's care and safety as a passenger while acting as a common carrier.

12. Plaintiff at all times acted in accordance with all applicable traffic regulations and statutes.

13. Plaintiff did not contribute to the cause of the accident or her injuries suffered therefrom.

## COUNT I:  NEGLIGENCE (WMATA)

14. Plaintiff restates and re-alleges paragraphs 1 through 13 as if fully set forth herein.

15. The aforementioned injuries suffered by Plaintiff were caused by Defendant WMATA's negligence, by and through its employee, Defendant failed to act reasonably under the circumstances, by failing to give Plaintiff time to sit and or secure herself before leaving the bus stop, failing to keep a lookout for traffic, failing to keep an adequate distance from other vehicles on the road, and failure to provide bus services to the public in a reasonable manner, thereby subjecting Plaintiff to an unreasonable risk of harm, and failing to provide for Plaintiff's care and safety as a passenger while acting as a common carrier.

16. As a direct and proximate cause of the Defendant WMATA's negligence, with no negligence on the part of Plaintiff contributing thereto, Plaintiff was caused to suffer severe and painful bodily injury.   Plaintiff has

incurred medical expenses and was prevented from pursuing other ordinary activities.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant WMATA in the amount of $75,000.00 of which amount represents compensatory damages plus cost of suit and such other and further relief as this Court deems just and proper.

Dated:  January 29, 2026

Respectfully Submitted,

/s/ Frederick J. Brynn
Frederick J. Brynn #433863
922 Pennsylvania Avenue, S.E.
Washington, DC 20003
(202) 544-7200
Attorney for Plaintiff

## Jury Demand

Plaintiff hereby demands a jury trial for all issues in this matter.

/s/ Frederick J. Brynn
Frederick J. Brynn